IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00096-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

EKUETA PALEGA,

    Applicant,

v.

D. DENHAM, Warden,

    Respondent.

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

Applicant, Ekueta Palega, is in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution in Englewood, Colorado.  Mr. Palega initiated this action on January 14, 2015, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  In the Application, Mr. Palega challenges his prison security classification.  He contends that the BOP has assessed him improperly with a public safety factor and, as a result, he is not eligible for placement in a minimum security prison.[1]  For relief, he asks that his security classification be modified so that he can be considered for minimum custody housing.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release

---

[1] The BOP uses a Security Designation and Custody Classification Manual to aid in determining inmate placements in federal facilities. The Manual lists nine Public Safety Factors (PSF) to be applied to inmates who are not appropriate for minimum security placements.  *See* BOP Program Statement P5100.08 (9/12/2006), Chptr. 2, at 4 (available at www.bop.gov/policy/progstat/5100_008.pdf.)

from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Petitions under § 2241 are used to attack the execution of a sentence, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).

Because a favorable resolution of Mr. Palega's claim that he is entitled to a lesser security classification would not automatically require his immediate or earlier release, his suit arises under *Bivens*. *See e.g. Stanko v. Quay*, No. 09-1214, 356 F. App'x 208, 209-10 (10th Cir. Dec. 16, 2009) (unpublished) (challenges to federal prisoner's security classification must be raised in a *Bivens* action).

After review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted document is deficient as described in this order. Mr. Palega will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Palega files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:

(1)  _X_  is not submitted
(2)  ___  is missing affidavit
(3)  _X_  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  ___  is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing an original signature by the prisoner

(7)  ___  is not on proper form (must use the court's current form):

(8) __  names in caption do not match names in caption of complaint, petition or habeas application
(9) _X_ other: **Mr. Palega may pay the $400.00 filing fee, in lieu of submitting a § 1915 Motion and Affidavit**.

**Complaint, Petition or Application**:

(10) __  is not submitted
(11) _X_ is not on proper form (<u>must use the court's current form for filing a Prisoner Complaint </u>)
(12) __  is missing an original signature by the prisoner
(13) __  is missing page nos. __
(14) __  uses et al. instead of listing all parties in caption
(15) __  names in caption do not match names in text
(16) __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17) __  other:

Accordingly, it is

ORDERED that Mr. Palega cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Mr. Palega files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Palega (with the assistance of his case manager or the facility's legal assistant), shall obtain the Court-approved forms for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, along with the applicable instructions, at www.cod.uscourts.gov. Mr. Palega shall used the court-approved forms in curing the deficiencies noted in this order. It is

FURTHER ORDERED that, if Mr. Palega fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, this action will be dismissed without further notice. The dismissal shall be without prejudice. It is

DATED: January 15, 2015, at Denver, Colorado.

BY THE COURT:

3


              s/ Gordon P. Gallagher
             United States Magistrate Judge