IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00096-GPG

EKUETA PALEGA,

    Plaintiff,

v.

D. DENHAM, Warden,
FEDERAL BUREAU OF PRISONS, and
PRESENTENCE REPORTER (PSR),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Ekueta Palega, is in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Center in Englewood, Colorado. Mr. Palega initiated this action on January 14, 2015 by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Pursuant to the Court's January 15, 2014 and February 23, 2015 orders (ECF Nos. 4, 6) directing him to cure deficiencies, Plaintiff filed a Prisoner Complaint on March 31, 2015 (ECF No. 8). He filed an (Amended) Prisoner Complaint (ECF No. 16) on May 21, 2015, while attempting to cure deficiencies in his § 1915 motion and affidavit. In the (Amended) Prisoner Complaint (ECF No. 16), Mr. Palega seeks injunctive relief for a deprivation of his constitutional rights, pursuant to 28 U.S.C. § 1331. On May 26, 2015, Mr. Palega was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2014) (ECF No. 18).

    The Court must construe the (Amended) Complaint liberally because Mr. Palega is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  See *Hall*, 935 F.2d at 1110.   The Court has reviewed the complaint and has determined that it is deficient.  For the reasons discussed below, Mr. Palega will be ordered to file a Second Amended Complaint.

Mr. Palega alleges in the Amended Prisoner Complaint that the BOP is wrongfully applying a Public Safety Factor (PSF)[1] to increase the level of his prison classification "and apply restrictions on Plaintiff's movement and housing."  (ECF No. 16, at 3).  Specifically, he contends that because his Presentence Report (PSR) "contains an enhancement for weapons that was applied on allegations of threats made to others" (*id.* at 4), the BOP has applied a PSF that prevents him from being reduced to "camp status" and "out custody."  (*Id.*).   Mr. Palega asserts that the factual basis for the enhancement was never established because the statements in the police report conflicted with testimony at his trial.  (*Id.*).  According to Plaintiff, the federal court never confirmed that he "used" a weapon to commit a violent offense.  (*Id.* at 5).  For relief, Mr. Palega asks this Court to enter an order precluding the BOP from applying the public safety factor to increase his security classification and directing the BOP to reconsider him for "camp status" and "out custody."  (*Id.* at 8).

The Amended Complaint is deficient because Defendant Presentence Reporter is not a proper party to this action.  Mr. Palega may not challenge the contents of his

---

[1] The BOP uses a Security Designation and Custody Classification Manual to aid in determining inmate placements in federal facilities. The Manual lists nine Public Safety Factors (PSF) to be applied to inmates who are not appropriate for minimum security placements.  See BOP Program Statement P5100.08 (9/12/2006), Chptr. 2, at 4 (available at www.bop.gov/policy/progstat/5100_008.pdf.)

PSR in a federal civil rights action.  Instead, he may attempt to seek relief in the sentencing court.

The Court construes the Amended Complaint liberally to assert a claim that Mr. Palega's current prison security classification violates his Fifth Amendment due process rights.  To state an arguable due process claim, Plaintiff must show that his current confinement at FCI-Englewood imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Rezak v. Nalley,* 677 F.3d 1001, 1014-15 (10th Cir. 2012) (holding that the conditions of confinement for general population prisoners at the ADX are not atypically "extreme.").  In the (Amended) Complaint, Mr. Palega does not allege facts to meet the *Sandin* standard.

Mr. Palega may sue Defendant Warden Denham, in her official capacity, for prospective injunctive relief.  *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231-33 (10th Cir. 2005) (stating that 28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement).  *See also Jordan v. Sosa*, 654 F.3d 1012, 1031 (10th Cir. 2011) (stating the *Simmat* did not address the specific question "of whether the district court was situated to fashion effective prospective relief against the BOP in light of the identity of the named federal defendants.").  Accordingly, it is

ORDERED that Plaintiff, Ekueta Palega, file **within thirty (30) days from the date of this order,** a Second Amended Complaint that complies with the directives in

this order.  It is

FURTHER ORDERED that Mr. Palega shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Palega fails to file a Second Amended Complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss this action without further notice.

DATED May 26, 2015, at Denver, Colorado.

           BY THE COURT:

           s/ Gordon P. Gallagher

           United States Magistrate Judge